NOT FOR PUBLICATION

FILED

MAR 17 2022

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

LINDSAY MCGUIRE,

              Plaintiff-Appellant,

    v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

              Defendant-Appellee.

No.    21-35221

D.C. No. 6:19-cv-01623-IM

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Argued and Submitted February 17, 2022
Honolulu, Hawaii

Before:  HAWKINS, R. NELSON, and FORREST, Circuit Judges.

    Lindsay McGuire appeals the district court's affirmance of the Commissioner

of Social Security's denial of her application for disability insurance benefits and

supplemental security income under the Social Security Act.  We have jurisdiction

under 28 U.S.C. § 1291.  We review the district court's decision de novo and will

reverse only if the decision of the administrative law judge ("ALJ") is not supported

_____

    *  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

by substantial evidence or if the ALJ applied the wrong legal standard. *Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021). We affirm.

Contrary to McGuire's contentions, the ALJ permissibly weighed the medical opinion evidence and adequately explained her decision. The ALJ provided specific and legitimate reasons for giving less weight to the opinion of treating physician Dr. Montoya as lacking explanation, inconsistent with other portions of the medical record, and limited by the scope of the treatment relationship. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (ALJ may reject an opinion "inconsistent with the medical records" or based on the claimant's properly discredited complaints); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ may reject a conclusory opinion "inadequately supported by clinical findings"); 20 C.F.R. § 404.1527(c) (scope of treatment relationship factor to consider in assigning weight to medical opinion). The ALJ likewise did not err by giving little weight to the opinions of non-examining agency physicians Dr. Ju and Dr. Kessler as inconsistent with the medical record. *See Tommasetti*, 533 F.3d at 1041.

The ALJ gave specific, germane reasons for discounting the opinions of licensed professional counselor Marta Richards and nurse practitioner Tracy McDonald. *See Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016). The ALJ permissibly gave the opinions less weight due to their inconsistency with other

medical records and the limited scope of the treatment relationship. *See* 20 C.F.R. § 404.1527(f)(1) (explaining that ALJ may consider frequency of treatment, quality of supporting evidence, detail of explanation, and consistency with the record when assessing weight to assign other source opinion); *Ford v. Saul*, 950 F.3d 1141, 1155–56 (9th Cir. 2020) (inconsistency with medical evidence is a specific and legitimate reason for discounting medical opinion).

The ALJ provided adequate reasons for her decision to give less weight to McGuire's subjective symptom testimony and no weight to the statements from McGuire's husband. *See Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021) (ALJ may reject the claimant's testimony about the severity of symptoms only by offering specific, clear, and convincing reasons); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (ALJ gave germane reasons for rejecting testimony of spouse that was substantially similar to claimant's testimony, which ALJ permissibly discounted). Unlike the cases on which McGuire relies, the ALJ, here, identified specific portions of McGuire's testimony that conflicted with her medical records and treatment notes contained in those records. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (ALJ may discount claimant testimony if it is inconsistent with the medical record); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ may consider lack of corroborating medical evidence when assessing credibility).

Because we find no error in the ALJ's weighing of the evidence, McGuire's challenges to the ALJ's step three listing determination also fail. *See Ford*, 950 F.3d at 1156–57 (rejecting argument that ALJ erred in finding claimant did not meet specific listings where argument relied on medical evidence properly rejected or discounted by ALJ). And contrary to McGuire's contention, the ALJ was not required sua sponte to make a detailed equivalence finding in the absence of specific evidence or argument from McGuire. *See Burch*, 400 F.3d at 683 ("An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence.").

Substantial evidence supports the ALJ's residual functional capacity formulation. *See Thomas*, 278 F.3d at 954 (court must uphold ALJ's rational interpretation of the evidence). Because we conclude the ALJ's decision is supported by substantial evidence and legally sound, we need not consider McGuire's remaining contentions on appeal.

**AFFIRMED.**

21-35221